U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LUCIA MABEL GONZALEZ PAREDES ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSE LUIS VILA and MONICA NIELSEN ) <br> ) <br> Defendants ) <br> ) | Case No. 1:06CV00089 <br> Judge Paul L. Friedman |

**OPPOSITION TO DEFENDANTS' THIRD MOTION FOR
EXTENSION OF TIME TO ANSWER COMPLAINT**

Plaintiff Lucia Mabel Gonzalez Paredes opposes Defendants' third motion to extend the time until which they must answer Ms. Gonzalez's complaint. Ms. Gonzalez opposes this third motion because Defendants have not provided the Court with a sufficient factual basis for yet another extension. Furthermore, the serial motions for extension filed by Defendants are tantamount to the indefinite time extension originally sought by Defendants and denied by the Court. In support of her position, Ms. Gonzalez states as follows:

1.  Ms. Gonzalez filed the complaint in this case on January 18, 2006. [Dkt. No. 1]

2.  On March 10, 2006, Defendants sought an "indefinite time extension within which to file an answer…contingent upon the grant of diplomatic immunity waiver by the Government of Argentina." *See* First Motion for Extension of Time to File Answer [Dkt. No. 2].

3.  On March 13, 2006, this Court granted in part and denied in part Defendants' motion—granting a one-month extension, but denying the request for an indefinite time

1

extension—in order to seek and obtain the requested waiver of immunity from the Argentine government.  *See* Minute Order (March 13, 2006).

    4.  On April 13, 2006, Defendants filed a second motion for extension of time, this time seeking one more month before which they would have to answer the complaint.  *See* Second Motion for Extension of Time to File Answer [Dkt. No. 5].

    5.  On April 18, 2006, this Court granted Defendants' motion for a one-month extension. *See* Minute Order (April 18, 2006).

    6.  Defendants have failed to provide the Court with any factual evidence establishing either the process by which they are seeking a waiver or the steps that have been taken thus far in attempting to procure the waiver.

    7.  Continued delay in the filing of Defendants' answer prejudices Ms. Gonzalez's ability to have her case heard in a timely manner.

    8.  Continued delays will have the effect of the indefinite delay first sought by the Defendants and denied by the Court.

    9.  U.S. case law has established that one month can be a sufficient and reasonable time within which to seek and obtain a waiver of diplomatic immunity.  In *Knab v. Republic of Georgia,* 1998 U.S. Dist. LEXIS 8820 (D.D.C. 1998), the State Department requested, and the Republic of Georgia granted, a waiver of immunity within one month's time.  The U.S. government requested the waiver on January 14, 1997, and the Georgian government granted the waiver on February 14, 1997.  To date, Defendants have provided no explanation as to why a waiver cannot be similarly obtained in the present case.

    Based on the foregoing, Ms. Gonzalez opposes Defendants' third motion for a time extension.

Respectfully submitted,


_____/s/_____

Muneer I. Ahmad, Esq.
International Human Rights Law Clinic
Washington College of Law
4801 Massachusetts Avenue, N.W.
Suite 417
Washington, D.C. 20016
Tel. (202) 274-4147