**U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUCIA MABEL GONZALEZ PAREDES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSE LUIS VILA and MONICA NIELSEN )<br>)<br>Defendants. )<br>) | Case No. 1:06CV00089<br>Judge Paul L. Friedman |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
COMPLAINT AND QUASH SERVICE OF PROCESS**

Plaintiff Lucia Mabel Gonzalez Paredes ("Ms. Gonzalez") respectfully requests a 60-day extension to file an opposition brief to Defendants' Motion to Dismiss Complaint and Quash Service of Process (Dkt. No. 8). Ms. Gonzalez is a domestic worker formerly employed by Defendants, diplomatic employees of the embassy of Argentina who failed to pay Ms. Gonzalez her promised wages—or even the minimum wage—in violation of federal and state law. The requested extension is necessary because Defendants' motion, which seeks to dismiss this case on the basis of diplomatic immunity, comes after three months of representations by Defendants that they intended to obtain a waiver of diplomatic immunity. This sudden change in Defendants' position coincides, whether intentionally or not, with the end of the academic year, thus making it difficult for Plaintiff's counsel, a law school clinic, to respond to Defendants' motion within the time ordinarily permitted. Moreover, Ms. Gonzalez is in the process of obtaining new co-counsel, further necessitating an extension of time.

In accordance with Local Rule 7(m), Plaintiff's counsel has consulted with counsel for Defendants in an effort to obtain his consent to the present motion. In a telephone conversation on June 20, 2006, counsel for Defendants represented that he could not consent to the present motion because doing so would require the approval of the Government of Argentina, and such approval could not be timely sought or obtained.

## FACTUAL BACKGROUND

1. Ms. Gonzalez filed the complaint in this case on January 18, 2006.

2. Following service of the summons and complaint on Defendants, Defendants' counsel represented to counsel for Ms. Gonzalez that Defendants would be seeking a waiver of diplomatic immunity.

3. On March 10, 2006, Defendants sought an "indefinite time extension within which to file an answer…contingent upon the grant of diplomatic immunity waiver by the Government of Argentina." (Dkt. No. 2)  On March 13, 2006, this Court granted in part and denied in part Defendants' motion—granting a one-month extension, but denying the request for an indefinite time extension. (Minute Order of March 13, 2006)

4. On April 13, 2006, Defendants filed a second motion for extension of time, this time seeking an additional month in which to respond to the complaint. (Dkt No. 5) In this motion, Defendants again represented that they were seeking a waiver of diplomatic immunity. On April 18, 2006, the Court granted this motion. (Minute Order of April 18, 2006)

6. On May 15, 2006 the Defendants filed for a third motion for extension of time, (Dkt. No. 6), stating once again that they were seeking a waiver of diplomatic

immunity.  Plaintiff opposed the motion.  (Dkt. No. 7)  The Court granted another one-month extension, but ordered that any further requests for extensions by the Defendants be accompanied by an affidavit describing what steps Defendants had taken to obtain a waiver of diplomatic immunity.  (Minute Order of May 31, 2006)

      7.  On June 15, 2006, Defendants filed a Motion to Dismiss Complaint and Quash Service of Process, in which for the first time they *asserted* diplomatic immunity.  (Dkt. No. 8)  Prior to the filing of this motion, Defendants had not informed Plaintiff or her counsel of their intention to assert diplomatic immunity.  Rather, they repeatedly represented their intention to obtain a waiver of it.

      8. Ms. Gonzalez is represented *pro bono* by the International Human Rights Law Clinic at American University Washington College of Law ("law clinic").  The law clinic represents indigent clients who otherwise would not be able to obtain representation.  The work of the law clinic relies heavily upon the active participation of students working under faculty supervision, in accordance with relevant student practice rules.

      9. The complaint in this case was filed on January 18, 2006, approximately four months before the end of the academic year.  As a result of the three successive extensions of time obtained by Defendants, Defendants' sudden assertion of diplomatic immunity comes during the summer, when there are not students enrolled in the law clinic.

      10. In order to ensure zealous representation of Ms. Gonzalez during this time, and to meet Plaintiff's obligations to the Court, the law clinic has attempted to obtain additional *pro bono* representation of Ms. Gonzalez.  Pending a conflicts check, it is now

likely that co-counsel will join the representation of Ms. Gonzalez in the next several days.

## ARGUMENT

Pursuant to Local Rule 7(b), a party has 11 days from the date of service of a motion in which to file its opposition. Ms. Gonzalez seeks an enlargement of this time in light of the sudden shift in Defendants' position with regard to diplomatic immunity, the limitations of the law clinic during the summer months, and the imminent addition of co-counsel to the case.

First, as noted above, the assertion of diplomatic immunity by the Defendants in their motion to dismiss comes after more than three months of repeated representations that they were seeking to waive, rather than assert, diplomatic immunity. It was on the basis of these representations that Defendants sought and obtained three successive extensions of time to file a responsive pleading. Plaintiff requires additional time to deal with this sudden reversal by Defendants.

Second, because the operation of the law clinic relies heavily on law students, and because students are not enrolled in the clinic during the summer months, the clinic will have considerable difficulty responding to the Defendants' motion to dismiss within the allotted time. Finally, although new co-counsel are likely to join the representation of Ms. Gonzalez in the immediate future, they will require additional time to gain familiarity with the client and her case.

///

4

## CONCLUSION

Based on the foregoing, Ms. Gonzalez respectfully requests a 60-day extension of time, to August 25, 2006, in which to file her opposition brief to Defendants' Motion to Dismiss Complaint and Quash Service of Process.

A proposed order is attached.

Dated this 22nd day of June, 2006.

                                              Respectfully submitted,

                                          _____/s/_____

                                          Muneer I. Ahmad, Esq.
                                          International Human Rights Law Clinic
                                          American University Washington College of Law
                                          4801 Massachusetts Avenue, N.W.
                                          Washington, D.C. 20016
                                          Tel. (202) 274-4147