IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUCIA MABEL GONZALEZ PAREDES,  )<br>)<br>Plaintiff  )<br>)<br>v.  )<br>)<br>JOSE LUIS VILA and MONICA NIELSEN, )<br>)<br>Defendants  )<br>_____) | Case No. 1:06CV00089 P.L.F. |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR TIME EXTENSION TO RESPOND TO PLAINTIFF'S OPPOSITION TO QUASH SERVICE OF PROCESS AND DISMISS COMPLAINT**

Defendants' "Motion for Time Extension" is untimely, unfair, and in plain violation of this Court's rules. Plaintiff Lucia Mabel Gonzalez Paredes respectfully opposes the Motion.

On June 15, 2006, Defendants Vila and Nielsen filed a Motion to Quash Service of Process and Dismiss Complaint. In their two-page Motion to Quash, Defendants' counsel asserted -- without one scintilla of supporting evidence -- that Vila and Nielsen were Argentine diplomats entitled to diplomatic immunity. Defendants' motion included no declarations from the Defendants (or anyone else) establishing who they are or why they are entitled to immunity, no documentary evidence or exhibits or citations of any nature to support their asserted claim of immunity, and no legal argument. Instead, Defendants' entire motion consisted of the bare unsupported assertion of their counsel that Defendants were immune, coupled with one citation to one case from the Fourth Circuit. Without any evidentiary support or serious legal discussion, it was obvious that the Motion to Quash was on its face fatally deficient.

Plaintiff Gonzalez timely opposed the Motion to Quash. In her 29-page Memorandum in Opposition, Ms. Gonzalez demonstrated that the Motion to Quash should be rejected, both because it was without factual support, and because it was deficient as a matter of law.

Under the rules of this Court, Defendants' Reply in support of the Motion to Quash, if any, was due on September 7. Defendants filed no reply, and made no timely motion to extend the time for filing a reply. Instead, *eighteen days after the deadline* for filing a reply, Defendants submitted their Motion for Time Extension. Defendants now assert that they need more time because they have requested certain paperwork from the United States Department of State in order to substantiate their claim of diplomatic immunity. However, they do not say when they requested this paperwork, why it is relevant here, when they expect to receive it or why they did not timely seek an extension, if necessary. Moreover, Defendants' lack of this evidence was the basis of only one of many arguments advanced by Ms. Gonzalez in her brief, and Defendants do not explain why they did not timely reply to the other arguments.

Defendants' Motion for Extension is also in plain violation of Rule 7(m) of this Court, under which Defendants were obligated to confer with opposing counsel before seeking the extension. In fact, Defendants did not notify Ms. Gonzalez's counsel of their motion and did not meet their obligation to confer. Defendants simply woke from a long slumber and filed their motion. Thus, in violation of Local Rule 7(m), Defendants now seek an order of this Court extending a deadline that passed nearly three weeks ago, without their noticing it.

Despite the above, undersigned counsel would not normally oppose a motion to extend but would instead agree to an extension as a professional courtesy. But in this instance, Defendants' tactics have the purpose and effect of putting Ms. Gonzalez at a substantive disadvantage. Here, it is obvious that if there were any colorable factual or legal grounds

supporting Defendants' claims of immunity, those grounds could have and should have been presented with the Motion to Quash. That way, Ms. Gonzalez would have had the opportunity to examine and rebut those grounds in her Opposition, and the Court would have had the benefit of the adversarial process as contemplated by the Rules. Instead, now that Defendants' Motion to Quash has been exposed as fatally deficient -- which is not a difficult task, considering that it had ***no evidentiary support and no substantive legal discussion*** -- Defendants want the opportunity to start all over again, presenting in a reply brief whatever evidence and argument they should have presented with their Motion to Quash. Indeed, Defendants want more than that: They want an extension of time *to gather facts* that they do not yet have to support the Motion to Quash that they filed more than three months ago.

    Defendants' tactics are fundamentally unfair. They not only violate the letter of the rules, but their spirit as well. If Defendants were entitled to immunity, as their lawyers have claimed, the Defendants -- not their lawyers -- should have presented persuasive evidence of that fact with their Motion. For whatever reason, they chose not to do so. They should not now be given a further opportunity, in violation of the rules, to put forth in a reply brief what should have been submitted (if it exists at all) in their motion and opening brief.

The Motion for Extension should be denied.

Respectfully Submitted,


_____/s/_____
Thomas F. Connell (D.C. Bar No. 289579)
Wilmer Cutler Pickering Hale and Dorr LLP.
1875 Pennsylvania Ave, N.W.
Washington, D.C. 20006
202-663-6000 (Phone)
202-663-6363 (Fax)


Muneer I. Ahmad (D.C. Bar No. 483131)
International Human Rights Law Clinic
American University Washington College of Law
4801 Massachusetts Ave., N.W., Suite 417
Washington, DC 20016
202-274-4147 (Phone)
202-274-0659 (Fax)

Counsel for Plaintiff Lucia Mabel Gonzalez Paredes


Dated: September 27, 2006