United States District Court
for the District of Columbia
Washington, D.C. 20001

# FILED

NOV - 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Chambers of
Paul L. Friedman
United States District Judge

November 1, 2006

The Honorable John B. Bellinger, III
Legal Advisor
United States Department of State
2201 C Street, N.W.
Washington, D.C. 20520

> Re:    Lucia Mabel Gonzalez Paredes v. Jose Luis Vila et al.
> Civil Action No. 06-0089 (PLF)
> <u>United States District Court for the District of Columbia</u>

Dear Mr. Bellinger:

There is a lawsuit pending in the United States District Court for the District of Columbia against an Argentine diplomat and his spouse filed by their former domestic servant. The defendants in this case have submitted documentation from the United States Department of State certifying that defendant Jose Luis Vila is a diplomatic agent at the Embassy of Argentina and that defendant Monica Nielson is his spouse. The defendants have filed a motion to quash service of process and to dismiss the complaint against them. The Court has also received a letter from the Argentine Embassy which "pleads immunity of jurisdiction regarding the U.S. Court and the case before it for its diplomatic agent Counselor VILA and his spouse Monica NIELSON . . ."

The plaintiff argues that defendants entered into an employment contract with her which is a "professional or commercial activity" with respect to which diplomats and their families are not entitled to diplomatic immunity under the Vienna Convention on Diplomatic Relations of April 18, 1961. <u>See</u> Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Quash Service of Process and Dismiss Complaint.

Having reviewed the complaint, the defendants' motion to dismiss, the opposition thereto from the plaintiff and the defendants' reply, the attachments thereto, as well as the relevant law, it seems that there are important questions of treaty construction with respect to the

Vienna Convention on Diplomatic Relations before the Court. Accordingly, the Court would like to extend an invitation to the Department of State to communicate its views and/or positions about this case, including but not limited to the following issues:

1.    What is the Department of State's position on whether contracts for services such as domestic help are within the meaning of "professional or commercial activity" under Article 31(1)(c) of the Vienna Convention on Diplomatic Relations of April 18, 1961?

2.    What is the Department of State's position on whether the construction of the phrase "commercial activity" under the Vienna Convention should be informed by the caselaw under the Foreign Sovereign Immunities Act?

The Court would greatly appreciate the Department of State's consideration and a communication from the Department of State setting forth the views and/or positions of the Department regarding these issues. The Court leaves to your discretion whether your response is best submitted in the form of a letter or a Statement of Interest filed pursuant to 28 U.S.C. § 517. A copy of any such response should be sent to plaintiff's and defendants' counsel as well. If the Department of State would like to express its views and/or positions on these matters, the Court would appreciate a response by December 15, 2006.

Thank you for your consideration and your cooperation.

Very truly yours,

Paul L. Friedman

Enclosures

cc:    Muneer Ahmad, Esq., w/o encl.
       Michael E. Veve, Esq., w/o encl.