**U.S. DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LUCIA MABEL GONZALEZ PAREDES, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>JOSE LUIS VILA and MONICA NIELSEN, )<br>)<br>Defendants )<br>_____ ) | Case No. 1:06CV00089<br>Judge: Paul L. Friedman |

**DEFENDANTS' OPPOSITION TO MOTION**
**FOR LEAVE TO FILE *AMICUS CURIAE***

Defendants Jose Luis Vila and Monica Nielsen, through undersigned counsel, hereby oppose the American Civil Liberties Union, the Break the Chain Campaign, CASA of Maryland, and Global Rights-Partners for Justice's ("*Amici curiae*") motion for leave to file a memorandum of law as *amici curiae* in this civil matter, for the reasons stated below.

"[I]t is solely within the discretion of this Court to determine the fact, extent, and manner of participation by the amicus." *United States v. Microsoft Corp., 2002 WL 319366* (D.D.C. 2002) (citing *Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1064 (7th Cir. 1997)*). "[A]n amicus brief should normally be allowed when a party is not represented competently or not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case),

1

or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file the amicus curiae brief should be denied." *Ryan, 125 F.3d at 1063.*

*Amici curiae* have not shown this Court they meet any of the fundamental considerations set forth in *Ryan, supra,* to grant their motion. First, Plaintiff's interests are and have been ably represented by two (2) competent counsel (of whom one works at a major, nationally-recognized law firm). Second, *amici curiae* have not identified any other case they have an interest in that may be affected by the Court's decision in this proceeding, other than citing some ongoing civil actions filed by other domestic workers who are represented by counsel. Third, *amici curiae* have not shown they possess any unique information or perspective to assist the Court in ruling on the pending jurisdictional question before it, unlike the Statement filed by the United States on January 26, 2007, which authoritatively sets forth the United States Government's official policy and interpretation with regard to its diplomatic immunity laws and international treaty obligations, and thereby gives this Court clear guidance regarding the appropriate interpretation of the applicable provisions of the Vienna Convention on Diplomatic Relations.

For these reasons, the Court should deny the motion presented by *amici curiae*, and proceed to rule on Defendants' pending motion to quash service of process and dismiss complaint.

Respectfully submitted,

_____    February 1, 2007
Michael E. Veve, PLLC
D.C. Bar No. 222679
Lasa, Monroig & Veve, LLP
1250 Connecticut Avenue, N.W., Suite 200
Washington, D.C. 20036
Tel.: (202)261-3524
Fax: (202)261-3523

Counsel for Defendants

3

Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing was mailed first class, postage prepaid, this 1st day of February, 2007 to:

>Thomas F. Connell, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>1875 Pennsylvania Avenue, N.W.
>Washington, D.C. 20006
>
>Muneer I. Ahmad, Esquire
>International Human Rights Law Clinic
>American University Washington College of Law
>4801 Massachusetts Avenue, N.W.
>Suite 417
>Washington, D.C. 20016
>
>Steven B. Fabrizio, Esquire
>Carol M. Wilhelm, Esquire
>Martina E. Vandenberg, Esquire
>Anne E. Ralph, Esquire
>Jenner & Block LLP
>601 Thirteenth Street, N.W.
>Suite 1200
>Washington, D.C. 20005
>
>Claudia Flores, Esquire
>Lenora Lapidus, Esquire
>Jennifer Pasquarella, Esquire
>American Civil Liberties Union
>Foundation-Women's Rights Project
>125 Broad Street, 18th Floor
>New York, NY 10004

_____
Michael E. Veve, PLLC